IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 20-01059 (MCF) |
| **EDWIN RIVERA RAMIREZ** | CHAPTER 13 |
| Debtor | |
| FIRSTBANK PUERTO RICO | (X) 11 U.S.C. §1325(a)(4), on *Liquidation value test* |
| Movant | |

### OBJECTION TO THE CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

TO THE HONORABLE COURT:

Comes now FIRSTBANK PR through its undersigned counsel and respectfully alleges and prays:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §1325(a)(4), on *Liquidation value test.*

**II. FACTS**

2. Debtor filed a voluntary petition under the provisions of Chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on February 28, 2020.

3. Movant filed an unsecured proof of claim in the amount of $5,254.65 regarding account no. 8271, identified as claim no. 6 at Claims' Register.

4. Debtor's proposed chapter plan dated February 28, 2020 (docket no. 4) pays unsecured creditors in pro-rata basis.

5. According to trustee's recommendation dated May 20, 2020 (docket no. 14), the proposed plan (docket no. 4) fails to comply with the *liquidation value test.*

6. <u>Movant joins trustee's objection (docket no. 14) to the confirmation of the plan dated February 28, 2020 (docket no. 4) because it also fails to comply with the requirements of 11 U.S.C. §1325(a)(4), known as *'liquidation value test'*.</u>

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its

motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

## III. DISCUSSION

- **LIQUIDATION VALUE TEST**

7. Section 1325(a)(4) of the Bankruptcy Code (11 U.S.C.) requires that "the value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such a date". See Lundin, Keith M., on Chapter 13 Bankruptcy: Second Edition, Volume 2, on *Best-Interest-of-Creditors-Test*.

8. To accomplish confirmation the debtor must evidence "to be able to make all payments under the plan and to comply with the plan". Feasibility, Keith M. Lundin on Chapter 13 Bankruptcy. Feasibility is a fact-bound concept. At its simplest, feasibility requires that the debtor's income to exceed expenses by an amount sufficient to make the payments proposed under the plan. *Id.* When debtor's budget will not support the proposed payments into the plan, the plan is not feasible and confirmation must be refused. *Id.*

9. To determine compliance with the test, the chapter 13 Trustee must endure the exercise of a hypothetical liquidation of the debtor's estate under chapter 7 on the "effective date of the plan" must be compared to the value on "the effective date of the plan" of what the debtor proposes to distribute to the holders of allowed unsecured claims. Thus, a mathematical calculation must be made of the value of what would be available for distribution to unsecured claim holders in a chapter 7 case. To that effect, the debtor's distribution to unsecured claim holders must be "present valued" [discounted] as of the effective date of the chapter 13 plan. Chapter 13: Bankruptcy, Volume 2, Lundin, Keith M. On Best-Effort-of-Creditors Test: - Mathematical Considerations.

10. The phrase "effective date of the plan" has not been defined by the Code. Nonetheless, is has been accepted that "the effective date of the plan" means the date of confirmation. Therefore, for purposes of the liquidation value of the estate mathematical analysis under the *Best Interest of Creditors Test* any property or substantial asset which the debtor's acquired

after the date of the petition which increases the appreciation of the estate is accountable for the mathematical analysis to ascertain a higher distribution among the general unsecured creditors. *In re Rake vs. Wade*, 113 S. Ct. 2181 (1993).

11. Likewise, where the liquidation value of the estate would be sufficient to produce a dividend in a Chapter 7 case, then the value as of the effective date of the property to be distributed under the Chapter 13 plan must exceed the amount that the unsecured claim holders would receive in a hypothetical Chapter7 case. And where the liquidation would result in the full payment of unsecured claims on the effective date of the plan, 11 U.S.C. §1325(a)(4) requires unsecured claim holders to be paid in full with interest through the Chapter 13 plan.

**IV. ALLEGATIONS**

12. Movant filed an unsecured proof of claim in the amount of $5,254.65 regarding account no. 8271, identified as claim no. 6 at Claims' Register.

13. Debtor's proposed chapter plan dated February 28, 2020 (docket no. 4) pays unsecured creditors in pro-rata basis.

14. As to compliance with the *liquidation value test*, Debtor must amend plan to disclose the liquidation value of the bankruptcy estate: $472.00 with a present value of $548.00.

15. For the above discussed reasons, Movant does not accept the proposed plan.

WHEREFORE, Movant respectfully requests this Honorable Court to grant this motion and deny the confirmation of the proposed plan.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Local Bankruptcy Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 3rd day of June, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by CM/ECF at the authorized address of all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; Roberto Figueroa Carrasquillo, Esq., debtors´ attorney and to debtors by regular mail to the address of record: Urb. Villa Guadalupe, JJ12 12 street, Caguas, P.R. 00725, as per the *List of Creditors*.

/s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Avenue, San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 20-01059-MCF13<br>District of Puerto Rico<br>Old San Juan<br>Wed Jun  3 19:25:27 AST 2020 | ORIENTAL BANK CCU<br>CCU BANKRUPTCY DEPARTMENT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | POPULAR AUTO<br>PO BOX 366818<br>SAN JUAN, PR 00936-6818 |
| US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | BANCO POPULAR DE PUERTO RICO<br>PO BOX 366818<br>San Juan, PR 00936-6818 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 |
| FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY  DIVISION (CODE 248)<br>PO BOX 9146,SAN JUAN, PR 00908-0146 | Firstbank Puerto Rico<br>PO Box 11856<br>San Juan, PR  00910-3856 | GC Services Limited Partnership<br>PO Box 3855<br>Houston, TX  77253-3855 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | ORIENTAL BANK AS SUCCESSOR OF SCOTIABANK DE<br>PO BOX 3662230<br>SAN JUAN, PR 00936 | SBA US Small Business Administration<br>PO Box 3918<br>Portland, OR  97208-3918 |
| Solidus Services LLC<br>1519 Ponce de Leon Ste 118<br>San Juan, PR  00901 | Syncb/Jc Penney Pr<br>PO Box 965007<br>Orlando, FL  32896-5007 | Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Thd/Cbna<br>PO Box 6497<br>Sioux Falls, SD  57117-6497 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | EDWIN RIVERA RAMIREZ<br>URB VILLA GUADALUPE JJ12 12 STREET<br>CAGUAS, PR 00725-4040 |
| GLORIA ESTHER NAVARRO RAMOS<br>URB VILLA GUADALUPE JJ12 12 STREET<br>CAGUAS, PR 00725-4040 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.